UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| Eric Dean Arbital, ) | Case No.  6:08-bk-6736-KSJ |
| Amber Claire Arbital, ) | Chapter 7 |
| ) | |
| Debtors. ) | |
| ) | |

MEMORANDUM OPINION DENYING DEBTORS'
MOTION TO EXTEND AUTOMATIC STAY

On September 10, 2008, the debtors filed a motion (Doc. No. 24) requesting an emergency hearing and a ruling that the automatic stay be continued to prevent them from being evicted from their leased or rented residential premises. In filing the motion, the debtors hoped to stall the eviction until the conclusion of their bankruptcy case. As stated by the debtors, they filed the motion "to prevent automatic writ of possession until [their bankruptcy case] is finalized due to time needed to collect monies owed." (Doc. No. 24).  Considering that the debtors failed to attend the scheduled hearing in prosecution of their motion, the debtors' motion is denied for the reasons explained in this opinion.

The debtors filed a petition initiating their joint Chapter 7 case on August 4, 2008. The second page of the bankruptcy petition contains a certification that must be completed by debtors residing as tenants of residential property. Here, the debtors certified that their "landlord has a judgment against the debtor for possession of debtor's residence."  The debtors failed to confirm that there were circumstances permitting them to cure the entire monetary default giving rise to the judgment for possession after it was entered; that they included with the petition funds for rent that would become due during the first 30 days after the petition date; or that they served the landlord with a copy of the certification.

On August 7, 2008, pursuant to Bankruptcy Code[1] Section 362(l)(4)(B),[2] the Bankruptcy Court Clerk's Office served a certified copy of the docket upon the debtors and the landlord and a notice informing them of "the applicability of the exception to the stay under 11 U.S.C. § 362(b)(22)." Section 362(b)(22) provides that the stay under Section 362(a)(3),[3] subject to the provisions in Section 362(l), does <u>not</u> apply to the continuation of an eviction involving residential property in which the debtor resides as a tenant under a lease or rental agreement if the lessor obtains a judgment for possession of the property prior to the petition date.[4] 11 U.S.C. §362(b)(22).

Following a status conference, held on August 29, 2008, before the Osceola County Court in the eviction action[5] filed against the debtors by their landlords, the state court entered an order, dated September 5, 2008, staying issuance of the writ of possession through September 10, 2008, and correctly interpreting the notice sent by the Bankruptcy Court Clerk's Office that the eviction was <u>not</u> stayed. The Osceola County Court gave the debtors until September 10, 2008, to file a notice or an order obtained from this Court stating that the stay <u>does</u> apply to the eviction action. The Osceola County Court order also stated that if the debtors failed to timely

---

[1] Unless otherwise stated, all references to the "Bankruptcy Code" herein shall refer to Title 11 of the United States Code.

[2] Bankruptcy Code Section 362(l)(4)(B) relevantly provides that if a debtor indicates on the petition that there was a judgment for possession of the residential rental property in which the debtor resides and the debtor does not file certain certifications specified in Bankruptcy Code Sections 362(l)(1) and (2), the clerk of the court shall immediately serve upon the lessor and the debtor a certified copy of the docket indicating the absence of such certification and the applicability of the exception to the stay under Bankruptcy Code Section 362(b)(22).

[3] Bankruptcy Code Section 362(a)(3) provides that the automatic stay applies to "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]" 11 U.S.C. § 362(a)(3).

[4] If the judgment for possession includes a money judgment against the debtors for back rent owed, the landlord must seek relief from stay pursuant to Bankruptcy Code Section 362(a)(6) to enforce that portion of the judgment against the debtors. Collier on Bankruptcy, ¶ 362.05[20].

[5] <u>Gary and Cynthia Fredrick vs. Eric and Amber Arbital</u>, Case No. 2008-CC-1838-EV.

file the needed order, the Osceola County Clerk of Court could issue a writ of possession to the Osceola County Sheriff's Department to evict the debtors on September 11, 2008, per the judgment of eviction previously obtained by the landlords.

Here, on September 10, 1008, the debtors belatedly filed their emergency motion asking this Court to reimpose the automatic stay. An emergency hearing was set for September 16, 2008. The debtors failed to attend the hearing or offer any basis why the stay should prevent the landlords or the Osceola County Court from proceeding with the pending eviction action. As such, the Motion to Extend the Automatic Stay (Doc. No. 24) is denied. No stay limits the actions of the Osceola County Court to proceed with any and all actions in the pending eviction action. A separate order consistent with this Memorandum Opinion shall be entered.

DONE AND ORDERED on September 16, 2008.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

Eric Dean Arbital and Amber Claire Arbital, 1410 Celebration Avenue, Unit 308, Celebration, FL 34747

Trustee: Emerson C. Noble, P.O. Box 195008, Winter Springs, FL 32719-5008

U.S. Trustee, 135 W. Central Blvd., Suite 620, Orlando, FL 32801

Gary and Cynthia Fredrick, 17264 San Carlos Blvd., #307, Ft. Myers Beach, FL 33931-5304

Heist & Weisse PA, PO Box 2514, Ft. Myers Beach, FL 33932-2514